CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 1 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JAMES PAUL DESPER,** | ) | CASE NO. 7:17CV00549 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE, ET AL.,** | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| **Defendants.** | ) | |

James Paul Desper, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He contends that by denying him visitation with his minor daughter since 2015, the defendants have violated his constitutional rights under the Association Clause of the First Amendment and the Due Process and Equal Protection Clauses of the Fourteenth Amendment. By opinion and order entered January 29, 2019, the court granted the defendants' motion to dismiss and denied Desper's motion for summary judgment. Desper has moved for reconsideration of that ruling. After review of the motion and the record, the court will deny the motion.

Desper has been in prison since September 2009, serving sentences imposed for three convictions of forcible rape through the mental incapacity or helplessness of the victim, involving an 18-year-old woman, who was determined to have the overall mental capacity of an eight-year-old child. See Desper v. Commonwealth, No. 2116-10-3, 2011 WL 5346030 (Ct. App. Nov. 8, 2011). Desper's mother, Glenda Desper ("Glenda"), has legal and physical custody of his minor daughter, K.D., who was not the victim of Desper's sexual offenses. Between September 2009 and December 2015, Desper was allowed prison visitation with K.D.

On March 1, 2014, the Virginia Department of Corrections visitation regulations in Operating Procedure ("OP") 851.1 changed. Section IV(C)(12) of OP 851.1 provided that

"[o]ffenders with any conviction requiring registration in the Sex Offender and Crimes against Minors Registry will not be allowed to visit with any minor until granted a sex offender visitation exemption." Compl. Ex. 2, ECF No. 1-2. The procedure allows exemptions for a sex offender inmate to visit with his biological child only if that child was not a victim of his crimes and the offender applies for and is granted an exemption. The exemption process involves a lengthy questionnaire for the child's custodian and an assessment of the inmate, including a Mental Status Evaluation ("MSE"), review of the inmate's personal, social, and sexual history, and an "actuarial assessment." Id. The evaluator reviews all these materials and forwards them to the Sex Offender Visitation Committee, whose members recommend approval or disapproval of the exemption. A designated prison administrator makes the final decision, which cannot be appealed. After one year, the inmate may reapply for a sex offender visitation exemption.

Desper first learned in February 2016 that officials had removed K.D. from his list of approved visitors. In March 2016, and again in 2017, Desper and Glenda applied unsuccessfully for an exemption. They were dissatisfied with the notice they received after disapproval of their applications. Desper has also complained that exemptions for visitation with minor children have been approved for other sex offenders, who are confined for similar or more serious crimes.

Because Desper signed and dated his motion for reconsideration within 28 days from entry of the judgment, the court construes it as arising under Rule 59(e) of the Federal Rules of Civil Procedure. It is well established that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotation marks omitted). A judgment may be amended under Rule 59(e) in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998). The court has carefully reviewed Desper's motion and concludes that it does not present any circumstance warranting the requested relief.

Desper's motion does not point to any intervening change in the law or offer facts not available to him during the pendency of the motion to dismiss. He complains that the court did not permit him to engage in discovery.[1] Because a motion to dismiss tests the sufficiency of the pleadings, Desper was not entitled to discovery before the court decided the defendant's motion. Moreover, he fails to identify any information that lack of discovery prevented him from obtaining with which he could have persuaded the court to reach a different outcome in the case. Thus, the court finds no basis for granting Rule 59(e) relief under the first two factors in Pacific Ins.

Desper also contends that the court erred in failing to appoint counsel to represent him in this case. "Under Section 1915(d) a plaintiff does not have an absolute right to appointment of counsel. Miller v. Simmons, 814 F2d 962, 966 (4th Cir. 1987). While the district court may request that counsel undertake representation of a litigant, it is not an abuse of discretion not to do so unless the plaintiff demonstrates "that his case is one with exceptional circumstances." Id. In denying Desper's two motions seeking appointment of counsel, the court did not find that his case fell into this category. The court continues to believe that these motions were appropriately denied. Therefore, the court cannot find that the failure to appoint counsel was a clear error of law or rendered any manifest injustice such that relief under Rule 59(e) is warranted.

The next argument Desper makes is that the court improperly denied his motion for summary judgment without permitting the discovery that he sought. The court determined from

---

[1] The defendants' responses in opposition to Desper's motion for summary judgment and his motion for interlocutory injunctive relief included sworn affidavits and other documentation. In considering the defendants' motion to dismiss, however, the court did not consider any of these matters outside the pleadings. On that basis, the court has also denied Desper's motion to compel discovery.

3

the pleadings, however, that Desper's complaint did not state any plausible constitutional claim. As such, he could not be entitled to relief under § 1983 "as a matter of law" so as to warrant summary judgment in his favor. Fed. R. Civ. P. 56(a).

Finally, Desper reargues each of his constitutional claims, asking the court to reopen the case and decide it in his favor. After review of his contentions, the court is satisfied that the motion to dismiss was properly granted. Accordingly, the court will deny Desper's Rule 59(e) motion. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

**ENTER**: This 11th day of September, 2019.

                                         Senior United States District Judge